# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GUY D. SCHEIN, SR.,[1]

     Appellant,

        v.

DEPARTMENT OF THE NAVY,

     Agency.

DOCKET NUMBER
DC-0752-13-5522-I-1

DATE: December 3, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Guy D. Schein, Sr., Martinsburg, West Virginia, pro se.

John D. Norquist, and Jeffrey A. Epstein, Esquire, Washington Navy Yard, D.C., for the agency.

Tamiko N. Walker, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

---

[1] Pursuant to 5 C.F.R. § 1201.36, this appeal was part of a consolidation, *NAVSEA v. Department of the Navy*, MSPB Docket No. DC-0752-14-0646-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, which supplements the analysis in the initial decision to address the appellant's argument that, unlike other government agencies, the agency treated him in a disparate manner because it required him to take 2 furlough days per pay period, we AFFIRM the initial decision.

¶2 The agency's Naval Sea Systems Command (NAVSEA) furloughed the appellant from his Public Affairs Specialist position for 6 days due to budgetary cuts related to sequestration, i.e., across-the-board reductions to budgetary resources. Initial Appeal File (IAF), Tab 1 at 7-12, Tab 8 at 4-8. After a hearing on appeal, the administrative judge affirmed the action. *NAVSEA v. Department of the Navy*, MSPB Docket No. DC-0752-14-0646-I-1, Consolidated Appeal File (CAF), Tab 19, Initial Decision (ID) at 2, 21. The administrative judge found that the agency proved by preponderant evidence that the furlough promoted the efficiency of the service and was applied in a fair and even manner. ID at 15-17, 21. The administrative judge also rejected the appellant's contention that

NAVSEA employees were treated differently than employees of other government agencies who received fewer furlough days, finding that there was no requirement for government-wide guidance regarding the administration of furloughs.  ID at 19.

¶3      The appellant asserts on review, as he did below, that the agency inflicted greater financial harm by requiring its employees to take 2 furlough days per pay period, while no other government employees were required to take 2 furlough days in a single pay period.  Petition for Review (PFR) File, Tab 1 at 3-4; IAF, Tab 1 at 5.  The appellant asserts that this constituted disparate treatment and a prohibited personnel practice.  PFR File, Tab 1 at 3.  The appellant also contends that *Weathers v. Department of the Navy*, 121 M.S.P.R. 417 (2014), upon which the administrative judge relied, is distinguishable from this appeal because "the case cited involves a RIF [reduction in force] and not a furlough for lack of funds."  *Id*. at 4.  The appellant does not challenge any other findings in the initial decision.  *See* 5 C.F.R. § 1201.115 (the Board normally will consider only issues raised in a timely filed petition or cross petition for review).

¶4      The appellant's contention, that the number of furlough days imposed per pay period has been inconsistently implemented throughout the federal sector, is unavailing.  *See Kelly v. Department of the Army*, 121 M.S.P.R. 408, ¶ 14 (2014).  The Board has jurisdiction over an appealable action taken by an "agency."  *See* 5 U.S.C. §§ 7513(a), (d), 7701(a).  Here, the furlough action was taken by the Department of the Navy's NAVSEA.  Thus, the issue is whether that particular agency proved that the furlough promoted the efficiency of the service by showing that the action was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determinations as to which employees to furlough in a fair and even manner, *see Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013), not whether the government as a whole met that requirement, *see Kelly*, 121 M.S.P.R. 408, ¶ 14.  In any event, the Board's efficiency of the service determination does not encompass an agency's

decision to allocate furlough days in a certain manner among employees who are not similarly-situated. *Chandler*, 120 M.S.P.R. 163, ¶ 9, 20, 27-28. The appellant has identified no requirement for government-wide guidance or uniformity regarding the number of furlough days to be imposed per pay period and has not shown that any difference in policy on that issue among federal agencies constitutes a prohibited personnel practice under 5 U.S.C. § 2302.

¶5      In rejecting the appellant's assertion that the agency treated him differently from employees in other government agencies, the administrative judge relied upon *Weathers*, 121 M.S.P.R. 417, ¶ 6, for the principle that, in determining the retention standing of competing employees during a RIF or furlough, each agency shall establish competitive levels consisting of all positions in a competitive area that are in the same grade (or occupational level) and classification series and which are similar enough in duties, qualification requirements, pay schedules, and working conditions so that an agency may reassign the incumbent of one position to any of the other positions in the level without undue interruption. ID at 19. We discern no error in the administrative judge's reliance on *Weathers*, a furlough appeal, given that the Board has held that it will be guided by RIF principles in determining which employees are similarly situated for purposes of an adverse action furlough. *See Weathers*, 121 M.S.P.R. 417, ¶¶ 6, 8; *see also Chandler*, 120 M.S.P.R. 163, ¶ 8.

¶6      Accordingly, we DENY the appellant's petition for review and AFFIRM the initial decision as modified by this Final Order, still sustaining the agency's action furloughing the appellant.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this

final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.